IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL K. WATKINS, | No. C 12-6051 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| BOB LAW, District Attorney's Office, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court DISMISSES the complaint without prejudice.

**BACKGROUND**

In his complaint, Plaintiff alleges that on February 22, 1985, he was convicted by a jury of second degree murder, and sentenced to a term of fifteen years to life for the murder, plus additional time for related enhancements. (Compl. at ¶ 28.) The California Court of Appeal affirmed the judgment. *Watkins v. White*, No. 93-4035 CAL, 1994 WL 478913, at *1 (N.D. Cal. Aug. 23, 1994). Petitioner did not file a petition for review in the California Supreme Court. *Id.* Petitioner then filed two unsuccessful petitions in the California Court of Appeal, and two in the California Supreme Court. *Id.* Thereafter, Petitioner filed a federal habeas petition, which was

1  denied for failure to exhaust. *Id.* After Petitioner filed one more state habeas petition in
2  California Supreme Court, he filed a second federal habeas petition. *Id.* In that federal petition,
3  Petitioner argued that police intentionally destroyed evidence, and the State failed to gather
4  exculpatory evidence. *Id.* The petition was denied, *id.* at *2-3, and the Ninth Circuit affirmed.
5  *Watkins v. White*, No. 96-16218, 1997 WL 157573 (9th Cir. April 1, 1997) (unpublished
6  memorandum disposition).

   Petitioner filed the underlying federal petition on November 29, 2012.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   <u>Plaintiff's Claims</u>

Plaintiff asserts that his 1985 conviction is invalid because investigating officers and other state officials failed to preserve evidence at the crime scene. He requests money damages and a new trial.

Plaintiff's complaint must be dismissed for several reasons. First, Plaintiff concedes that he failed to exhaust his claim. (Compl. at 2.) A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S.

1  731, 739 (2001)).  Even when the relief sought cannot be granted by the administrative process,
2  i.e., monetary damages, a prisoner must still exhaust administrative remedies.  *Id.* at 85-86
3  (citing *Booth*, 532 U.S. at 734).  Plaintiff does not claim that any exception to exhaustion applies
4  to him.

5  Second, at most, Plaintiff states that these Defendants acted negligently in their duties.
6  However, neither negligence nor gross negligence is actionable under Section 1983 in the prison
7  context.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994).  Nor is negligence
8  actionable under § 1983 outside of the prison context.  The Constitution does not guarantee due
9  care on the part of state officials; liability for negligently inflicted harm is categorically beneath
10 the threshold of constitutional due process.  *See County of Sacramento v. Lewis*, 523 U.S. 833,
11 849 (1998).  Plaintiff does not assert that the harm purportedly inflicted by Defendants rose to
12 the conscience-shocking level required to support a substantive due process claim under Section
13 1983.  *See id.*

14 Finally, Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487
15 (1994).  The United States Supreme Court has held that to recover damages in a suit under
16 Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm
17 caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff
18 must prove that the conviction or sentence has been reversed on direct appeal, expunged by
19 executive order, declared invalid by a state tribunal authorized to make such determination, or
20 called into question by a federal court's issuance of a writ of habeas corpus.  *Id*.  A claim for
21 damages arising from a conviction or sentence that has not been so invalidated is not cognizable
22 under Section 1983.  *Id.*  If Plaintiff's claim that state officials failed to properly preserve
23 exculpatory evidence is proven true, this would call into question the validity of his sentence,
24 and continued incarceration.  Thus, Plaintiff cannot proceed with this claim pursuant to Section
25 1983.  Instead, Plaintiff's exclusive remedy, one to which he has unsuccessfully resorted in the
26 past, *see Watkins v. White*, No. 96-16218, 1997 WL 157573 (9th Cir. April 1, 1997), is habeas
27 corpus.  *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 682 (9th Cir.
28 1984) (concluding that § 1983 action seeking declaratory judgment based on the prosecutor's

1  alleged failure to preserve exculpatory evidence required dismissal because "in order to prevail
2  on this claim, [plaintiff] must collaterally void his state court conviction") (citing *Preiser v.*
3  *Rodriguez*, 411 U.S. 475, 500 (1973).)

### CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  3/6/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge